# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD,<br><br>   Plaintiff,<br><br>   v.<br><br>M. PORTILLO, et al.,<br><br>   Defendants. | Case No. 1:13-cv-01529 AWI DLB PC<br><br>FINDINGS AND RECOMMENDATION REGARDING DISMISSAL OF ACTION FOR FAILURE TO PAY FILING FEE |

Plaintiff Raymond Alford Bradford ("Plaintiff") is a California state prisoner proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on September 24, 2013.

On October 17, 2013, Plaintiff submitted an application to proceed in forma pauperis. On November 19, 2013, the Court denied Plaintiff's application under the three-strikes provision of 28 U.S.C. § 1915(g). Plaintiff was ordered to pay the $400.00 filing fee within fourteen days of the date of service of the order.

Over fourteen days have passed and Plaintiff has not paid the filing fee or otherwise contacted the Court.

## **DISCUSSION**

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to

1

1 control their dockets and "in the exercise of that power, they may impose sanctions including, where
2 appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir.
3 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an
4 action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v.
5 Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v.
6 Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order
7 requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)
8 (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of
9 address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to
10 comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for
11 failure to lack of prosecution and failure to comply with local rules).

12 In determining whether to dismiss an action for lack of prosecution, failure to obey a court
13 order, or failure to comply with local rules, the Court must consider several factors: (1) the public's
14 interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk
15 of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and
16 (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at
17 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

18 In the instant case, the Court finds that the public's interest in expeditiously resolving this
19 litigation and the Court's interest in managing the docket weigh in favor of dismissal. The third
20 factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of
21 injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air
22 West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of
23 cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.

24 Finally, a Court's warning to a party that his failure to obey the Court's order will result in
25 dismissal satisfies the "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d at
26 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The Court's order requiring Plaintiff to
27 pay the filing fee in full within fourteen days expressly stated: "If Plaintiff fails to pay the $400.00
28 filing fee in full within fourteen days, this action shall be dismissed without prejudice." Thus,

plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

Moreover, a civil action may not proceed absent payment of the filing fee or a completed application to proceed in forma pauperis. 28 U.S.C. §§ 1914, 1915; Fed. R. Civ. P. 3, 11(a). Based on Plaintiff's failure to comply with the Court's order and pay the filing fee, the Court recommends that this action be dismissed. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006); Local Rule 110.

**RECOMMENDATION**

Accordingly, it is HEREBY RECOMMENDED that this action be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to pay the filing fee.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **December 17, 2013**          /s/ Dennis L. Beck
                                        UNITED STATES MAGISTRATE JUDGE